IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CRAIG L. FOSTER,

    Plaintiff,

vs.	Case No. 14-cv-970 SCY/WPL

GALLUP POLICE DEPARTMENT,

    Defendant.

**ORDER OF DISMISSAL**

    THIS MATTER is before me on review of the record. Defendant removed this civil rights lawsuit to federal court on October 28, 2014 and filed a motion to dismiss Plaintiff's complaint that same day. *Docs. 1-3*. Once briefing was complete, the Court entered an order granting in part and denying in part Defendant's motion. *Doc. 22*. In this order, the Court explained that the allegations in the complaint were insufficient to support Plaintiff's Americans with Disabilities Act ("ADA") claim. Because the Court found, however, that the detailed information in Plaintiff's response to Defendant's motion to dismiss did support a viable ADA claim, rather than dismissing Plaintiff's ADA claim, the Court ordered Plaintiff to file an amended complaint by March 23, 2015 that incorporated the information from the response into his complaint. Plaintiff did not comply with this instruction.

    As a result, on April 7, 2014, the Court entered an order requiring Plaintiff to show cause in writing within thirty days as to why the Court should not dismiss Plaintiff's ADA claim. *Doc. 26*. The Court warned Plaintiff that failure to comply with this order might result in the dismissal of Plaintiff's ADA claim or the imposition of other sanctions. *Id.* Plaintiff never filed any response to this order and has not participated in the lawsuit in any other manner since the entry

of this order. For example, Plaintiff failed to participate in the creation of the Joint Status Report and did not appear at the scheduling conference. *Doc. 30*. This prompted Magistrate Judge William P. Lynch to enter an order to show cause requiring Plaintiff to explain why he should not be sanctioned for his failure to follow court orders. *Id.* Plaintiff has not responded to that order, despite the Court's explicit warning that failure to do so would result in the dismissal of the entirety of his lawsuit (*Doc. 31*). Nor has Plaintiff responded to the Court's June 5, 2014 supplemental order to show cause in which the Court expressed concern that Plaintiff no longer intended to prosecute this lawsuit. *Id.* Taken as a whole, this series of events indicates that Plaintiff is either unwilling or unable to prosecute this lawsuit at this time.

In deciding whether to dismiss a case under Rule 41(b) for failure to prosecute, a Court must consider the following factors: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151-1152 (10th Cir. 2007). Here, these factors weigh in favor of dismissal. While the Court has no knowledge of why Plaintiff has not responded to any Court orders since March 2015, the Court is not convinced that lesser sanctions will secure Plaintiff's participation in the lawsuit. Plaintiff has failed to comply with multiple court orders. Moreover, the Court has warned Plaintiff that failure to respond to the most recent orders to show cause would result in the dismissal of his claims. Despite this warning, Plaintiff has not contacted the Court or demonstrated a desire to pursue his case. At this point, there is no indication that further delays, which could prejudice Defendant, would result in Plaintiff's renewed prosecution of this case.

IT IS THEREFORE ORDERED that Plaintiff's claims are dismissed without prejudice for failure to prosecute under Rule 41(b).

_____
HONORABLE STEVEN C. YARBROUGH
United States Magistrate Judge